**STATE, ex rel. MAXWELL, Relator, v. INDUSTRIAL COMMISSION, Respondent.**

Ohio Appeals, Tenth District, Franklin County.

No. 5976.   Decided July 29, 1958.

Schwenker, Teaford, Brothers & Solsberry, L. Bernell Solsberry, of Counsel, Columbus, for relator.

William Saxbe, Atty. Genl., John R. Barrett, Richard S. Hunter, Asst. Attys Genl., Columbus, for respondent.

## OPINION

By PETREE, PJ.

This case is now on for hearing upon motion by the respondent, the Industrial Commission of Ohio, for an order requiring the relator to make his petition definite and certain on two grounds, which are as follows:

"I. By alleging the date on which his total disability by reason of silicosis began, and the date on which the silicosis was first diagnosed by a licensed physician;

"II. By alleging the manner in which the respondent, the Industrial Commission, abused its discretion."

The pertinent part of the petition referred to by the first ground of the motion states, in substance, that on or about June 26, 1952, relator became totally disabled by reason of a chest condition ailment, tentatively diagnosed as tuberculosis; and, further, that the relator had been in the employ of the Jones Coal Company as a coal miner for a long time prior to June 26, 1952. Then follows the following allegation:

"On April 11, 1955, Dr. D. E. Wetterauer, examined relator by x-ray. The result of the x-ray and diagnosis of Dr. Wetterauer was, within a few days of said date referred to R. A. Nebinger, M. D., Roseville, Ohio, relator's family physician, said diagnosis indicating that relator was suffering from silicosis, and said Dr. Nebinger so informed the claimant for the first and only time on or about May 9, 1955.

"Relator caused to be duly executed and signed his certain silicosis claim and further caused the same to be filed with the Industrial Commission of Ohio on June 24, 1955, approximately five to six weeks after being advised for the first time of the presence of silicosis."

In view of the statute in question, to wit, §4123.68 (W) R. C., it is our opinion that Branch I of the motion is well taken and should be sustained. While the relator speaks of an examination by Dr. Wetterauer on April 11, 1955, on a reference by Dr. Nebinger, and says that Dr. Nebinger informed the claimant (relator) of the diagnosis indicating silicosis for the first time on or about May 9, 1955, there is no positive statement by the relator that this was the first time any doctor had diagnosed his case as silicosis. Relator should also state the date on which his total disability by reason of silicosis began.

The second branch of the motion will be sustained. While considerable facts are set up concerning the action of the commission, the relator does not pinpoint which of those acts he claims were an abuse of discretion.

Motion sustained.

BRYANT and MILLER, JJ, concur.